UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| EDWARD JOSEPH HONABACH, | Case No. 3:25-cv-00168-ART-CLB |
| Petitioner, | ORDER |
| v. | |
| STATE OF NEVADA, *et al.*, | |
| Respondents. | |

Petitioner Edward Joseph Honabach, a *pro se* Nevada prisoner, initiated this case by submitting a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 1-1). The Court dismissed this action without prejudice based on Honabach's failure to comply with the Court's order instructing him to file a complete application to proceed *in forma pauperis* ("IFP") or pay the filing fee. ECF No. 5. Honabach filed a Notice of Change of Address (ECF No. 8) and a motion[1] (ECF No. 10) requesting that the Court grant an extension regarding the closing of his case and appointment of counsel. He provided that he was transferred to another institution and did not receive the Court's order instructing him to file a complete IFP Application or pay the filing fee. ECF No. 10.

The Court reopened this matter and granted Honabach an extension of time to file a complete IFP Application or pay the filing fee. ECF No. 11. The Clerk of the Court sent Petitioner the approved form application to proceed *in forma pauperis* by an inmate at Northern Nevada Correctional Center ("NNCC") or Lovelock Correctional Center ("LCC") and instructions for the same.[2] Honabach

---

[1] The Court entered a Minute Order referring to Honabach's filing as a letter, rather than a motion in error. The Court will consider Honabach's filing at ECF No. 10 as a Motion to Reopen and request for extension of time to file an IFP application or pay the filing fee.

[2] Effective April 14, 2025, NNCC and LCC inmates filing lawsuits in the U.S.

1

had until September 26, 2025, to pay the full $5 filing fee or file a fully complete application to proceed *in forma pauperis*, which includes pages 1-3 of the Court's approved form and is properly signed by Petitioner on page 3. The Court cautioned Petitioner that this action may be dismissed without prejudice if Petitioner failed to timely comply with this order. In addition, the Court deferred screening the petition and consideration of Honabach's request for appointment of counsel until he has complied with this order.

Since the Court has reopened the matter and granted Honabach an extension of time to pay the full $5 filing fee or file an IFP application, he has filed multiple motions for extension of time "to response to the court/state's response to federal appeal." ECF Nos. 12, 14, 15. Respondents, however, have not filed any response in this matter because Honabach has not yet complied with the Court's previous order instructing him to either pay the filing fee or file an IFP application.

The Court reiterates to Honabach that he must first either pay the full $5 filing fee or file an IFP application. The Court will grant Honabach a final 30-day extension to either pay the full $5 filing fee or file an IFP application. The Clerk of the Court is directed to send Petitioner the approved form application to proceed *in forma pauperis* by an inmate at Northern Nevada Correctional Center ("NNCC") or Lovelock Correctional Center ("LCC") and instructions for the same. Honabach is cautioned that this action may be dismissed without prejudice if he fails to timely comply with this order.

Honabach has also filed motion requesting "documents #2-9" in this matter. ECF No. 16. Generally, an inmate has no constitutional right to free photocopying or to obtain court documents without payment. *Johnson v. Moore*, 948 F.2d 517, 521 (9th Cir. 1991). The fundamental constitutional right of access

---

District Court for the District of Nevada are directed to apply for *in forma pauperis* status using the form titled "Application to Proceed *In Forma Pauperis* by an Inmate at Northern Nevada Correctional Center or Lovelock Correctional Center."

to the courts requires prison authorities to help inmates prepare and file "meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law," *Bounds v. Smith*, 430 U.S. 817, 828 (1977); it does not impose an obligation "to finance and support prisoner litigation," *Lewis v. Casey*, 518 U.S. 343, 384–85 (1996).  As a one-time courtesy to Honabach, the Court will instruct the clerk's office to mail him one copy of the current docket sheet.

It is therefore ordered that Petitioner Christopher Edward Joseph Honabach's Motions to Extend (ECF No. 12, 14, 15) are denied as moot.

It is further ordered Petitioner's Motion to get Documents (ECF No. 16) is denied.

It is further ordered that the screening of Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 1-1) and Motion for Appointment of Counsel (ECF No. 13) are deferred until he has complied with this order.

It is further ordered that the Clerk of Court is instructed to send to Petitioner the approved form application to proceed *in forma pauperis* by an inmate at NNCC or LCC, instructions for the same, and one copy of the current docket sheet.

It is further ordered that Petitioner has until November 21, 2025, to pay the full $5 filing fee or file a fully complete application to proceed *in forma pauperis.*

DATED THIS 28th day of October, 2025.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE