UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| EDWARD JOSEPH HONABACH, | Case No. 3:25-cv-00168-ART-CLB |
| Petitioner, | ORDER |
| v. | |
| STATE OF NEVADA, *et al.*, | |
| Respondents. | |

Petitioner Edward Joseph Honabach commenced this habeas action by filing a Petition for Writ of Habeas Corpus (ECF No. 1-1). This habeas matter is before the Court for initial review under the Rules Governing Section 2254 Cases,[1] as well as consideration of Honabach's Application to Proceed *In Forma Pauperis* (ECF Nos. 24), Motion for Appointment of Counsel (ECF No. 13), Motions to Extend (ECF Nos. 21, 23) and Motion for Status Check (ECF No. 28).

Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

Holmes challenges a 2019 judgment of conviction for first degree kidnapping resulting in substantial bodily harm. The state district court sentenced him to a term of life without the possibility of parole. It appears that

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

the Nevada Supreme Court dismissed Honabach's direct appeal on the basis that he filed a notice of voluntary withdrawal. Honabach filed a state habeas petition. The state district court denied his state habeas petition and the Nevada appellate court affirmed the denial of relief.

Honabach initiated this habeas action. ECF No. 1. Following multiple extension of time, Honabach paid the filing fee. ECF No. 26. Accordingly, the Court denies his IFP application.

Turning to Honabach's motion for appointment of counsel (ECF No. 13) to assist him in this habeas action, there is no constitutional right to appointed counsel in a federal habeas corpus proceeding. *See Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007)). However, an indigent petitioner may request appointed counsel to pursue that relief. *See* 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is generally discretionary. *Id.* (authorizing appointment of counsel "when the interests of justice so require"). But counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is so uneducated that he or she is incapable of fairly presenting his or her claims. *See La Mere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980).

The Court finds that appointment of counsel in this case is in the interests of justice, given, among other things, the complexity of Honabach's claims, his lengthy sentence, that his petition may raise relatively complex issues, and it is unclear whether he will be able to adequately articulate his claims in proper person with the resources available to him. Therefore, Honabach's motion for appointment of counsel is granted and the Court will provisionally appoint the Federal Public Defender to represent him.

///

///

**IT THEREFORE IS ORDERED:**

1. Petitioner Edward Joseph Honabach's Application to Proceed *In Forma Pauperis* (ECF No. 24) is denied.

2. Petitioner's Motions to Extend Time (ECF Nos. 21, 23) are granted *nunc pro tunc.*

3. Petitioner's Motion for Status Check (ECF No. 28) is denied as moot.

4. Petitioner's Motion for Appointment of Counsel (ECF No. 13) is granted.

5. The Federal Public Defender is provisionally appointed as counsel and will have 30 days to undertake direct representation of Petitioner or to indicate the office's inability to represent Petitioner in these proceedings. If the Federal Public Defender is unable to represent Petitioner, the Court will appoint alternate counsel. The counsel appointed will represent Petitioner in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. The Court anticipates a deadline of approximately 60 days from entry of the formal order of appointment.

6. Any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the Court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

7. The Clerk of Court is directed to add Nevada Attorney General Aaron D. Ford as counsel for Respondents and to provide Respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the AG only. Respondents' counsel must enter a notice of appearance within 21 days of entry of this order, but no further response will be required from Respondents until further order of the Court.

8. The Clerk of Court is further directed to send a copy of this order to the *pro se* Petitioner, the Nevada Attorney General, the Federal Public Defender, and the CJA Coordinator for this division.

DATED THIS 21st day of January, 2026.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE